### BOIE et al. v. BLACK ROCK POWER & IRR. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. November 29, 1926.)

No. 4727.

1. Waters and water courses ⬤⟿158½(1)— Decree held to sufficiently preserve equitable rights of defendants, which survived foreclosure and receiver's sale of irrigation instrumentalities.

Decree fixing legal title to irrigation instrumentalities, "subject to * * * a perpetual trust, nevertheless, for the use and benefit of defendants * * * to the extent required. * * * for purposes stipulated in said beneficiaries' several deeds, * * *" held to sufficiently preserve equitable estates of defendants, who had no species of legal interest surviving foreclosure and trustee's sale.

2. Waters and water courses ⬤⟿158½(1)— Modification of decree establishing equitable water rights by reference to deeds, to specifically state individual rights and needs, held unnecessary.

Decree preserving equitable estates of defendants in irrigation instrumentalities by reference to deeds of purchase held not required to be modified to specify rights and water needs of each defendant.

Appeal from the District Court of the United States for the Southern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Suit by the Black Rock Power & Irrigation Company and others against H. H. Boie and others. From the decree entered on a mandate of the Circuit Court of Appeals, after decision (297 F. 905), certain defendants appeal. Affirmed.

H. J. Snively, of Yakima, Wash., for appellants.

George Donworth, Elmer E. Todd, and Frank E. Holman, all of Seattle, Wash., for appellees.

Before DIETRICH, NETERER, and KERRIGAN, District Judges.

KERRIGAN, District Judge. The Black Rock Power & Irrigation Company et al., appellees herein, brought suit to quiet their title to a power plant, transmission line, and pumping station situated on the Columbia river. From a decree quieting said title, 357 defendants appealed to this court, and were successful in reversing the decree. Adamson v. Black Rock Power & Irrigation Co. (C. C. A. 9) 297 F. 906. Thereafter, in obedience to our mandate, the District Court for the Eastern District of Washington entered a new decree, from which 40 of the original defendants again have appealed.

[1] The facts require no statement additional to that contained in our former opinion. The contention now made is that the present decree, like the old one, excludes the appellants as water users from any property right in appellees' irrigation instrumentalities, and leaves them virtually in the position of contractees. While it is true that the decree declares the appellees to be the owners in fee simple of the legal title to those instrumentalities, it also provides that "said property is subject to and impressed with a perpetual trust, nevertheless, for the use and benefit of the defendants and their respective successors in interest * * * to the extent required to supply the lands of said beneficiaries with water in amount and season reasonably necessary for the purposes stipulated in said beneficiaries' several deeds, contracts or instruments of purchase."

It is clear that these provisions recognize and decree an equitable estate in the property involved, and it is equally clear that such an estate conforms exactly to our former opinion, in which it was said: "Appellants' rights are preserved by the decree of foreclosure, survived the receiver's sale, and in the instrumentalities are an equitable estate

of which appellants cannot be deprived." Appellants, therefore, were not entitled, as they now argue, to any species of legal interest therein, whether by way of lien, easement, or actual title. As cestuis que trustent, they have been awarded everything to which they were entitled to by virtue of our former opinion.

[2] It is also contended that the decree should be modified, so as to give each of said defendants, and specify therein, the amount of water needed to irrigate his lands. But in each of the deeds conveying said lands an allowance of 115,560 cubic feet of water per acre was made, and, as said of appellants' rights on the former appeal, "the extent of that estate is measured by and is sufficiently definite in the deeds of purchase, as definite as any water right and deed thereof can or need be, viz. the perpetual use of the instrumentalities to the extent required to supply appellants' lands in amount and season reasonably necessary, but limited by their deeds of purchase." Greater exactness is unnecessary.

The decree is affirmed.